U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 2 9 2016

TONY R. MOORE, CLERK
BY: _____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

b

| | |
|---|---|
| JIANG MEI ZHAN[1] | CIVIL ACTION NO. 1:15-CV-01922 |
| VERSUS | CHIEF JUDGE DRELL |
| U.S. ATTORNEY GENERAL, et al. | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Petitioner Jiang Mei Zhan ("Zhan") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on June 18, 2015. Zhan, a native and citizen of China, is contesting her continued detention for more than six months by the Bureau of Immigration and Customs Enforcement ("ICE") pending her removal from the United States. At the time of filing her petition, Zhan was detained in the LaSalle Detention Facility in Jena, Louisiana. Zhan requests release pending removal pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001).

Respondents answered the petition (Docs. 9, 12), and filed an unopposed motion to dismiss (Doc. 19). In their motion (Doc. 19), Respondents show, through an affidavit by Tawana T. Love, an ICE Deportation Officer in New York, New York, that Zhan was removed to China on May 5, 2016 (Doc. 19-1). Since Zhan has been released from custody, she has achieved the relief she sought in her habeas petition. Therefore, Respondent's motion to dismiss (Doc. 19) should be granted and Zhan's habeas petition should be dismissed as moot.

---

[1] Petitioner Zhan's name is misspelled on the docket as "Jianmei Zhan."

Conclusion

Based on the foregoing, IT IS RECOMMENDED that Respondents' motion to dismiss (Doc. 19) be GRANTED and Zhan's habeas petition be DISMISSED AS MOOT.

Under the provisions of 28 U.S.C. Section 636(b) (1) (C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases (and other habeas cases pursuant to see Rule 1(b)) in the United States District Courts, this

court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  <u>See</u> 28 U.S.C. § 2253(c) (2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana on this 29 day of June 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge